IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY EUGENE LUCKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-1726-L |
| ) | |
| OKLAHOMA COUNTY ROBERT A. ) | |
| RAVITZ, IN HIS INDIVIDUAL AND ) | |
| OFFICIAL CAPACITIES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Mr. Bobby Eugene Lucky, a state inmate, has sued Oklahoma County and the Oklahoma County Public Defender, Robert Ravitz, based on twelve criminal convictions. The Court should summarily dismiss the action without prejudice to refiling.

### The Plaintiff's Allegations

According to the Plaintiff, Oklahoma County and its public defender are responsible for multiple violations of state law, federal law, and the state and federal constitutions, leading to criminal convictions in twelve state cases: (1) No. CRF-76-1253, (2) No. CRF-77-4362, (3) No. CRF-78-922, (4) No. CRF-79-3870, (5) No. CRF-79-4170, (6) No. CRF-79-4180, (7) No. CRF-83-1538, (8) No. CRF-83-2427, (9) No. CRF-90-2529, (10) No. CRF-91-852, (11) No. CRF-91-935, and (12) No. CRF-92-283. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, *passim* (Dec. 20, 2004) ("Complaint"). According to Mr. Lucky, "each and every conviction" is "null and void on [its] face" and he seeks monetary damages, a

declaration that the Defendants violated various constitutional and statutory provisions, and a writ of mandamus which would allow an out-of-time appeal of the conviction in No. CRF-76-1253. *Id.* at pp. 5, 9-10.

## Federal Claims

The Court should summarily dismiss the federal claims without prejudice to refiling.

I.   Necessity of Screening and the Applicable Standard

Because the plaintiff is a state prisoner and the defendants are a governmental entity and employee, the Court should screen the federal causes of action to determine whether they state a claim on which relief can be granted. *See* Prison Litigation Reform Act, 28 U.S.C. § 1915A(b)(1). Dismissal is proper only if "it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995). The well-pleaded factual allegations in the complaint must be accepted as true and construed in the light most favorable to the Plaintiff. *See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

II.  The Plaintiff's Claim for Money Damages and Declaratory Relief

The Plaintiff's claims for damages and declaratory relief are premature.

The Supreme Court has held that a Section 1983 claim for damages or declaratory relief is premature if a judgment for the plaintiff "would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (stating that damages and declaratory relief are "not cognizable under § 1983" in light of *Heck*); *see also Archilta v. State of Oklahoma*, 2005 WL

139179, Westlaw op. at 4 (10th Cir. Jan. 24, 2005) (unpublished op.) ("this court has previously applied *Heck* to bar 42 U.S.C. §§ 1983 and 1985 claims seeking declaratory . . . relief"). As a result, the Plaintiff cannot pursue a claim for damages or declaratory relief until the convictions are invalidated in separate proceedings. In these circumstances, the Court should summarily dismiss[1] the claims for damages and declaratory relief without prejudice to refiling.[2]

III.    Return of Property

Mr. Lucky also seeks return of "personal property that has been taken through the illegal and unconstitutional convictions." Complaint at p. 10. This request is premature under *Heck*.

The Tenth Circuit Court of Appeals recently considered a similar request in *Archilta v. State of Oklahoma*, 2005 WL 139179 (10th Cir. Jan. 24, 2005) (unpublished op.). There the petitioner was a Native American who sued under 28 U.S.C. § 1983 for return of property taken unlawfully "'from Indians.'" *See Archilta v. State of Oklahoma*, 2005 WL 139179, Westlaw op. at 1 & 4. The Tenth Circuit Court of Appeals interpreted the claim to necessarily imply the invalidity of the petitioner's convictions, implicating *Heck*.

---

[1]    A dismissal under *Heck* is based on the failure to state a valid claim. *See*, *e.g.*, *Archilta v. State of Oklahoma*, 2005 WL 139179, Westlaw op. at 4 (10th Cir. Jan. 24, 2005) (unpublished op.) ("Since Archilta's claims necessarily imply the invalidity of his convictions and he cannot demonstrate that his convictions have already been invalidated, the district court properly held that the claims must be dismissed . . . [under *Heck*] for failure to state a claim.")

[2]    *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003) (dismissals under *Heck* are without prejudice), *cert. denied*, __ U.S. __, 125 S. Ct. 344 (2004).

*Archilta v. State of Oklahoma* is persuasive because of the similarity in claims. *See* Tenth Cir. R. 36.3(B). Like the petitioner there, Mr. Lucky seeks return of property based on the alleged invalidity of his convictions. Thus, the requested relief would necessarily imply the invalidity of Mr. Lucky's convictions. Under *Archilta v. State of Oklahoma*, this claim is premature until Mr. Lucky obtains invalidation of his convictions in separate proceedings.

IV.   Request for a Writ of Mandamus Directing the Defendants to Allow Mr. Lucky to Appeal his 1976 Conviction Out-of-Time

The request for mandamus relief is also invalid because Mr. Lucky failed to name proper parties and this Court cannot exercise appellate review over state court decisions.

    A.    Failure to Name a Proper Party

Mandamus is unavailable against Oklahoma County and the public defender because they are not federal officials.

Federal law provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. For issuance of a writ of mandamus, the party must be a federal employee, officer, or agency. *See AMISUB (PSL), Inc. v. State of Colorado*, 879 F.2d 789, 790 n.2 (10th Cir. 1989); *Harris v. Department of Corrections*, 426 F. Supp. 350, 352 (W.D. Okla. 1977). Because the public defender is employed by a county, rather than the federal government, mandamus is not an available remedy.

B.     Review of State Court Decisions

"It is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review." *Anderson v. State of Colorado*, 793 F.2d 262, 263 (10th Cir. 1986). Thus, mandamus would be unavailable as a remedy even if Mr. Lucky had named a proper party. *See Harris v. Department of Corrections*, 426 F. Supp. 350, 351 (W.D. Okla. 1977) (ordering dismissal of a mandamus petition in part because "the federal district courts do not sit to review on appeal action taken judicially in state proceedings" (citations omitted)).

The Plaintiff's request for leave to appeal his 1976 conviction would entail unauthorized appellate review of state court proceedings.[3] As a result, the requested relief is unavailable.

V.     Conversion to a Habeas Petition

As noted above, Mr. Lucky claims that his convictions are void. *See supra* pp. 1-2. Liberally construed, the complaint might be viewed to encompass a habeas claim. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, the Court should

---

[3]     *See* Report and Recommendation at p. 7, *Hilliard v. District Court of Comanche County*, Case No. CIV-03-651-L (W.D. Okla. Sept. 29, 2003) (Bacharach, J.) (noting in part that the Court could not properly review a petitioner's challenge to the validity of his conviction in a mandamus proceeding), *adopted*, Order (W.D. Okla. Oct. 31, 2003) (Leonard, J.), *appeal dismissed*, 100 Fed. Appx. 816, 818 (10th Cir. June 9, 2004) (unpublished op.).

decline to recharacterize the action[4] because such treatment could result in unintended consequences.[5]

---

[4]  *See Richards v. Bellmon*, 941 F.2d 1015, 1019 n.3 (10th Cir. 1991) (rejecting construction of a *pro se* complaint to include a habeas claim because such treatment would "border[] on advocacy and could interfere with a possible tactical choice by the plaintiff"); *see also Castro v. United States*, 540 U.S. 375, 387-88 (2003) (Scalia, J., concurring) ("even fully informed district courts that try their best not to harm *pro se* litigants by recharacterizing may nonetheless end up doing so because they cannot predict and protect against every possible adverse effect that may flow from recharacterization").

[5]  This possibility is illustrated by three examples.

First, if the complaint were to be recharacterized, the present action might be considered a "second" habeas petition and outside the district court's jurisdiction. *See* 28 U.S.C. § 2244(b)(3). The present suit involves challenges to four convictions and, in each, Mr. Lucky has already pursued habeas relief in this Court. *Lucky v. Reynolds*, Case No. CIV-94-163-W (W.D. Okla. May 4, 1994) (Case No. CRF-79-4180), *aff'd*, 51 F.3d 286, 1995 WL 139418 (10th Cir. Mar. 31, 1995) (unpublished op.); *Lucky v. Ward*, Case No. CIV-97-618-L (W.D. Okla. Mar. 31, 1999) (Case No. CRF-90-2529); *Lucky v. Ward*, Case No. CIV-97-633-L (W.D. Okla. May 28, 1998) (Case No. CRF-91-852), *appeal dismissed*, 182 F.3d 932, 1999 WL 257788 (10th Cir. Apr. 28, 1999) (unpublished op.); *Lucky v. Ward*, Case No. CIV-98-1202-L (W.D. Okla. July 26, 1999) (Case No. CRF-91-935), *appeal dismissed*, Case No. 99-6298 (10th Cir. May 13, 2000).

Second, recharacterization might jeopardize Mr. Lucky's ability to file future habeas petitions to challenge his convictions in Case Nos. CRF-76-1253, CRF-77-4362, CRF-78-922, CRF-79-3870, CRF-79-4170, CRF-83-1538, CRF-83-2427, and CRF-92-283. Mr. Lucky has apparently not pursued habeas relief for these convictions. Thus, future habeas petitions in these cases could be deemed "second or successive" if the present action were to be recharacterized. *See* 28 U.S.C. § 2244(b)(2); *see also Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (*per curiam*) ("[w]hen the intent to bring a habeas petition is not clear, . . . the district court should not convert a defective . . . claim into a habeas petition" because "a prisoner is very likely to have only one opportunity to bring an effective habeas petition").

Third, a certificate of appealability is not necessary for the appeal of a dispositive ruling on a Section 1983 complaint, but would be necessary if the Court were to recharacterize Mr. Lucky's pleading as a habeas petition and deny relief. *See* 28 U.S.C. § 2253(c)(1)(A). Thus, recharacterization could make an appeal more difficult for Mr. Lucky. *See, e.g.*, *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) ("The district court was not authorized to convert a § 1983 action into a § 2254 action, a step that carries disadvantages (exhaustion and the certificate of appealability only two among many) for litigants.").

State Claims

In the Complaint, Mr. Lucky also asserts claims involving state law and the state constitution. Complaint at pp. 1, 3, 5. The Court should decline jurisdiction over these claims and dismiss them without prejudice to refiling.

Federal law permits the Court to decline supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction."[6] 28 U.S.C. § 1367(c)(3). The Court should consider "'judicial economy, convenience, and fairness to the litigants'" in determining whether to exercise supplemental jurisdiction. *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1550 (10th Cir. 1996) (citation omitted).

As discussed elsewhere, the Court should dismiss Mr. Lucky's federal claims. *See supra* pp. 2-6. No deadlines exist, and the proceedings are at an early stage. Under these circumstances, the Court should decline supplemental jurisdiction over the claims arising under state law and the state constitution.[7] These claims should be dismissed without prejudice. *See supra* note 7 (citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)).

---

[6] The facts pled would not support diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Such jurisdiction exists only when the plaintiff is not a citizen of the same state as any defendant, and Mr. Lucky admits that he and Defendant Ravitz are citizens of the same state. Complaint at pp. 1-2; *see Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

[7] *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) ("when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); *see generally* 28 U.S.C. § 1367(c)(3) (stating that "supplemental jurisdiction" may be declined if "the district court has dismissed all claims over which it has original jurisdiction").

### Recommendation and Notice of Right to Object

The Court should summarily dismiss the action without prejudice to refiling.

Mr. Lucky can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by February 28, 2005. *See* W.D. Okla. Local Civil Rule 72.1(a). The failure to timely object would foreclose appellate review of the suggested dismissal. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

### Status of the Referral

The referral to the undersigned is terminated.

Entered this 7th day of February, 2005.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge